# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CALVIN CONTE,

        Plaintiff,

v.                                      Case No. 6:13-cv-1967-Orl-37TBS

FAMILY SUITES RESORTS, LLC,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Order to Show Cause (Doc. 11), filed January 3, 2014; and

2. Defendant's Response to Order to Show Cause (Doc. 22), filed February 21, 2014.

## BACKGROUND

On December 23, 2013, Defendant, an LLC, removed this negligence action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. (Doc. 1.) Defendant alleged that this Court has jurisdiction pursuant to 23 U.S.C. §§ 1332 and 1441. (*Id.* ¶ 4.) On January 3, 2014, the Court ordered Defendant to show cause as to why this action should not be remanded for failure to establish diversity jurisdiction. (Doc. 11.) Specifically, the Order directed Defendant to submit a written response, which "should include: (1) a statement of the Defendant's citizenship, including a list of all of its members and the members' citizenship; (2) a statement of Plaintiff's citizenship, established by his domicile; and (3) evidence that the amount in controversy in this action exceeds $75,000." (*Id.* at 3.) On February 21, 2014, Defendant filed its response. (Doc.

22.) This matter is now ripe for adjudication.

## STANDARDS

Removal jurisdiction exists where a state-court claim could have been brought originally in federal court. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over actions in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing federal jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is premised on diversity jurisdiction and a complaint does not claim a specific amount of damages, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement [of $75,000]." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005) (citing *Williams*, 269 F.3d at 1319). Uncertainties concerning jurisdiction are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

In its show-cause Order, the Court explained that for Defendant to properly allege its citizenship, it would need to "list all of its members and the members' citizenship"—a list that Defendant had not provided in its Notice of Removal. (Doc. 11, p. 3.) In response to this directive, Defendant states: "Defendant relies upon its representations made in its Notice of Removal (Doc. No. 1 at para. 8). In addition, Defendant's principal place of business and its members are citizens of the State of Colorado." (Doc. 22, p. 3.) Again, Paragraph 8 of Defendant's Notice of Removal does not list the members of its LLC, and Defendant's conclusory assertion that its "members are citizens of the State of Colorado"

fails to comply with the Court's Order and does not provide sufficient information from which the Court can determine whether it has jurisdiction over this action.

Further, in response to the Court's direction to provide evidence supporting its contention that the amount in controversy meets the jurisdictional threshold, Defendant argues that Plaintiff should be required to admit that his damages exceed $75,000. (*Id.* at 3–4.) However, parties cannot stipulate to jurisdiction, *see Eng'g Contractors Ass'n of S. Fla. Inc. v. Metro. Dade Cnty.*, 122 F.3d 895, 905 (11th Cir. 1997), and Defendant—not Plaintiff—bears the burden of establishing removal jurisdiction. *Williams*, 269 F.3d at 1319. This it has failed to do.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Order to Show Cause (Doc. 11) is **DISCHARGED**.
2. This action is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.
3. The Clerk is **DIRECTED** to terminate all pending motions and to close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 7, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida